UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-81091-CIV-SMITH

STARLIGHT DISTRIBUTION, INC., et al.,

    Plaintiffs,

v.

U.S. BANK, N.A., et al.,

    Defendants.

_____/

FILED BY _____ D.C.

JUN 1 2 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## PLAINTIFF/COUNTER-DEFENDANTS', SYED ALI RAZA AND IRAM HUSSAIN RAZA, MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO VACATE [DE#244]

The Plaintiff/Counter-Defendants', **Syed Ali Raza and Iram Hussain Raza**, (collectively referred to as **"Counter-Defendants"** and/or **"Appellants"**), *pro se*, hereby files this their Motion for Reconsideration of Order Denying Motion to Vacate **[DE#244]** and in support thereof states as follows:

1.    This matter arises from an action filed July 8, 2022, by Starlight against **U.S. Bank, N.A., as trustee for Velocity Capital Loan Trust 2022-3,** ("U.S. Bank"), and others, seeking declaratory relief and damages related to a promissory note and mortgage secured by real property located at 17799 Cadena Drive, Boca Raton, FL 33496 ("Real Property"). On the date of the filing of this action, the record owner of the Real Property was Starlight.

2. The action was initially filed in the Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida, but was removed to this Court on July 22, 2022 by U.S. Bank.

3. In addition to answering and asserting affirmative defenses to Starlight's Second Amended Complaint [DE#12], U.S. Bank also filed a counterclaim against Starlight, as well as Syed Ali Raza and Iram Hussain Raza (collectively "Razas"), seeking to foreclose its mortgage secured by the Real Property.

4. On March 9, 2023, Starlight filed its Third Amended Complaint (DE#55), which was answered by U.S. Bank. After lengthy litigation, on January 19, 2024, U.S. Bank filed its Combined Motion for Final Judgment of Foreclosure, Final Consent Judgment, Awarding Damages Against Charles Thompson, and for an Award of Attorney's Fees and Costs[1] (DE#127) seeking final judgment of foreclosure as to Starlight, and the Razas.

5. On June 10, 2024, the Court entered its Final Judgment of Foreclosure and Awarding Other Relief (DE#132) ("Final Judgment") in favor of U.S. Bank. On June 14, 2024, a foreclosure sale of the Real property was scheduled for July 26, 2024. On June 18, 2024, Syed Ali Raza filed a Motion for Reconsideration (DE#134), *pro se,* asserting the Final Judgment was entered in error based upon the confusion created by the language of paragraph 4 of the Final Judgment.

---

[1] The Combined Motion filed by U.S. Bank also sought relief against a separate party who had resolved its issues with U.S. Bank.

6.      On December 5, 2024, the Court entered its Order Granting Motion for Reconsideration **(DE#147)**.  Based upon its Order, on December 5, 2024, the Court entered an Amended Final Judgment of Foreclosure and Awarding Other Relief **(DE#149)** ("Amended Final Judgment"), wherein the language which created the confusion was corrected.

7.      The amount of the Amended Final Judgment remained the same as the amount of the original Final Judgment.  The Amended Final Judgment was also entered in favor of U.S. Bank and against Counter-Defendants and others on all counts.  Based upon the Amended Final Judgment, the foreclosure sale of the Real Property was conducted January 16, 2025.

8.      Immediately after the foreclosure sale[2] the Counter-Defendants filed their Objection to Sale **[DE 160]**.  On January 28, 2025, during the pendency of the first appeal, U.S. Bank filed a Motion for Confirmation of Sale **[DE 165]**.  On August 15, 2025, the Court entered its Order Granting Motion to Confirm Foreclosure Sale and Overruling Objections **[DE 196]**.

9.      The same day, August 15, 2025, the Clerk issued its Confirmation of Sale **[DE 197]**.  In its Confirmation, the Clerk, in part, stated, "[T]he records in this action indicate that no objection has been filed to the sale of property conducted by the United States Marshal on January 16, 2025".  **See Clerk's Confirmation of Sale [DE 197].**

---

[2] Prior to the foreclosure sale, the Counter-Defendants sought appellate review of several orders of this Court, including the Order Denying Motion for Remand.

10.     Shortly thereafter, on August 20, 2025, the Counter-Defendants sought appellate review from the Eleventh Circuit Court of Appeals of three (3) orders of this Court in Case No.: 25-12848-G.   This appeal remains pending and fully briefed as of the filing of this Motion.

11.     On October 7, 2025, U.S. Bank filed its Notice of Filing United States Marshals' Quit Claim Deed **[DE 216]** and on October 8, 2025, its Notice of Filing Writ of Possession **[DE 217].**  To its Notice of Filing, U.S. Bank attached a quit claim deed dated September 29, 2025, from the United States Marshals to U.S. Bank.  The quit claim deed referenced the initial final judgment entered June 10, 2025; despite the fact an Amended Final Judgment was entered on December 5, 2025.  In fact, the quit claim deed failed to refence the Amended Final Judgment whatsoever.

12.     Finally, on October 30, 2025, U.S. Bank filed its Motion for Writ on Assistance and Order Authorizing US Marshal to Effectuate Eviction **[DE 228].**  On November 4, 2025, the Counter-Defendants filed their Response in Opposition to the Motion for Writ on Assistance and Order Authorizing US Marshal to Effectuate Eviction **[DE 228].**  On November 7, 2025, the Counter-Defendants filed an Amended Response in Opposition **[DE 229].**

13.     On November 7, 2025, the Counter-Defendants filed their Motion to Vacate Quit Claim Deed **[DE 231].**  The Counter-Defendants sought vacatur of the quit claim deed based upon four (4) separate issues.  First, the foreclosure process failed to comply with Florida Statute § 45.031.  The second basis for the relief sought was incorrectly

stated facts in the Clerk's Confirmation of Sale.

14. The third basis, upon which the Counter-Defendants relied, was the lack of an evidentiary hearing on their Objection to Foreclosure Sale. Finally, the Counter-Defendants asserted the lack of a proper certificate of sale invalidated the entire process. On June 11, 2026, without discussion of three (3) of the four (4) issues raised by the Counter-Defendants, the Court entered its Order Denying Motion to Vacate Quit Claim Deed **[DE 244].**

15. The Court found that the foreclosure procedure established by Florida Statute § 45.031 is not mandatory and instead constitutes only a suggestion. Moreover, the Court ordered the foreclosure sale to be conducted pursuant to 28 U.S.C. §§ 2001 and 2002, to which the foreclosure sale complied. As such, the Court denied the Counter-Defendants' request to vacate the quit claim deed.

16. The Counter-Defendants respectfully disagree that the foreclosure process established by Florida Statute § 45.031 is merely aspirational. The Counter-Defendants concede that although a Court is not required to follow the foreclosure process established by Florida Statute § 45.031 in conducting a foreclosure sale, the safeguards and benchmarks established by Florida Statute § 45.031 must also be met in whatever procedure a court utilizes to conduct a foreclosure sale.

17. Immediately upon conclusion of a foreclosure sale, Florida Statute § 45.031 requires the clerk to enter a Certificate of Sale, without which there is no jurisdiction to transfer the real property. Moreover, Florida Statute § 45.031 provides a party with ten (10) days after a foreclosure sale in which to file an objection. Upon the expiration of the

statutory ten (10) day period, the clerk may enter a Certificate of Sale, which effectively transfers the real property to the highest bidder. As stated before, without a Certificate of Sale, the clerk, or any party, lacks authority to issue a Certificate of Title. Here, none of these documents were filed or issued; therefore, the Quit Claim Deed must be vacated.

18. However, assuming *arguendo,* that the foreclosure sale must only comply with the procedure as ordered by the Court and in 28 USC §§ 2001 and 2002, the quit claim deed still must be vacated. In this matter, the parties failed to abide by the foreclosure procedure established by the Court pursuant to 28 USC §§ 2001 and 2002 by failing to file a Certificate of Sale or issuing a Certificate of Title. Instead, the only document produced was the instant Quit Claim Deed.

19. In the Amended Final Judgment the Court ordered, "[U]pon completion of the sale, the U.S. Marshal will issue a Certificate of Sale, to be prepared by U.S. Bank's counsel, and shall file the same in the court file". **See Amended Final Judgment at paragraph 4.** Pursuant to the Court's directive, upon completion of the instant foreclosure sale, the US Marshals were required to prepare and file a Certificate of Sale in the Court file, which follows the procedure set forth in Florida Statute § 45.031. This did not occur. In fact, there has not been a certificate of sale issued in this matter by any party. Instead, on August 15, 2025, the Clerk entered its Confirmation of Sale **[DE 197].** No other document has been filed or issued related to the successful bidder at the foreclosure sale.

20. The Court, in the Amended Final Judgment, further ordered, "[I]f U.S. Bank is the successful bidder, and its rights are not assigned to a third party, then the U.S.

Marshal is directed to issue a Certificate of Title to U.S. Bank". **See Amended Final Judgment at paragraph 6.** Again, in compliance with Florida Statute 45.031. the Court ordered that the U.S. Marshal issue a certificate of title to U.S. Bank, if the successful bidder. This was not done either.

21.    Instead, without notice to any party, the U.S. Marshal simply executed a quit claim deed to U.S. Bank, which failed to reference the appropriate document under which the foreclosure sale was conducted.  The only document that has been filed was filed by U.S. Bank.  On October 7, 2025, U.S. Bank filed a Notice of Filing, attaching the aforementioned quit claim deed from the U.S. Marshal.

22.    As shown from the arguments set out above, while the Court may have ordered the foreclosure sale to be conducted pursuant to 28 USC §§ 2001 and 2002, the remainder of the directives set forth by the Court mirror the requirements in Florida Statute § 45.031.  The fact of the matter is that the procedure of the foreclosure sale, whether conducted pursuant to 28 USC §§ 2001 and 2002 or by Florida Statute § 45.031, did not comply with the requirements set forth in the Court's Amended Final Judgment. As such, the Quit Claim Deed must be vacated.

23.    Rule 59(e) provides the Court with an opportunity to "alter or amend a judgment." *ING Global v. United Parcel Service Oasis Supply Corp.*, **757 F. 3d 92 (2nd Circuit 2014).** Specifically, "district courts may alter or amend judgment to correct a clear error of law or prevent manifest injustice, that the rule covers a broad range of motions and that the only real limitation on the type of the motion permitted is that it must request a substantive alteration of the judgment, not merely the correction of a

clerical error, or relief of a type wholly collateral to the judgment." *Id.* **at 96, citing** *Schwartz v. Liberty Mut. Ins. Co.*, **539 F. 3d 135, 153 (2nd Circuit 2008).**

24.     Clearly, the Court's decision was based upon a misinterpretation of the facts of this matter, a misinterpretation of the foreclosure procedure required and the actual procedure utilized. Accordingly, the Court should reconsider its Order Denying Motion to Vacate Quit Claim Deed **[DE 244]** and act to correct this error.

25.     As such, the Counter-Defendants respectfully request that the Court reconsider its prior ruling, vacate its Order Denying Motion to Vacate Quit Claim Deed **[DE 244]** and vacate the Quit Claim Deed.

WHEREFORE, the Plaintiff/Counter-Defendants', **Syed Ali Raza and Iram Hussain Raza,,** respectfully requests this Court enter an Order reconsidering its prior Order Denying Motion to Vacate Quit Claim Deed **[DE 244]**, vacate the September 29, 2025, Quit Claim Deed, plus any and all further relief as the Court deems necessary.

_____
Syed Ali Raza

_____
Iram Hussain Raza

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing paper will be served upon the filing hereof on all registered parties registered on CM/ECF this 12th day of June 2026 and by U.S. Mail upon necessary unregistered parties.

Syed Ali Raza

Iram Hussain Raza