# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

July 08, 2026

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

FILED BY_____ JG _____D.C.

**Jul 8, 2026**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Appeal Number:  25-12848-GG
Case Style:  Syed Raza, et al., v. U.S. Bank N.A., et al.,
District Court Docket No:  9:22-cv-81091-RS

LIMITED REMAND

Enclosed is a copy of an order remanding this appeal on a limited basis for further proceedings.

Upon completion of limited remand proceedings, please promptly send a copy of the ORDER ON REMAND to this court and certify any supplemental record of proceedings.

Clerk's Office Phone Numbers

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

CLK-3 DC Letter with Ltd Remand order

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 25-12848
_____

STARLIGHT DISTRIBUTION, INC.,

*Plaintiff-Counter Defendant,*

SYED ALI RAZA,

IRAM HUSSAIN RAZA,

*Plaintiffs-Counter Defendants-Appellants,*

*versus*

PHH MORTGAGE CORPORATION,
  d.b.a. PHH Mortgage Services, et al.,

*Defendants-Counter Defendants,*

US BANK, N.A.,
  Defendant - Counter Claimant - Appellee,

POSH LENDING, INC.,

VELOCITY COMMERCIAL CAPITAL, LLC,

*Defendants-Appellees.*

2                           Order of the Court                         25-12848

———————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:22-cv-81091-RS

———————————————

Before ROSENBAUM, JILL PRYOR, and KIDD, Circuit Judges.

BY THE COURT:

Syed Raza, Iram Raza, and Starlight Distribution, Inc. ("Starlight") filed a third amended complaint in the district court against U.S. Bank, N.A. ("U.S. Bank"); Posh Lending, Inc. ("Posh"); and Velocity Commercial Capital, LLC ("Velocity"), asserting claims related to a mortgage on their property.  After the district court entered final judgment, the parties filed various post-judgment motions.

The Razas, pro se, now appeal from the district court's post-judgment orders (1) denying their motion for a bond waiver to obtain a stay of the district court proceedings during the pendency of appeal number 25-10165, a related appeal from other post-judgment orders; (2) denying their motion to vacate an order granting summary judgment in favor of U.S. Bank; and (3) granting U.S. Bank's motion to confirm a foreclosure sale.[1]  U.S. Bank moves to dismiss the Razas' appeal, in part, as to the order denying a bond waiver, asserting that it is not final or otherwise appealable.

———————————————

[1] The Razas indicate in their merits brief that they are no longer challenging this ruling on appeal.

25-12848 Order of the Court 3

The Razas did not respond to either U.S. Bank's initial or renewed motions to partially dismiss the appeal.

The Razas' appeal from the district court's order denying their request for a bond waiver to obtain a stay during the pendency of appeal number 25-10165 is now moot. *See Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1189 (11th Cir. 2011). Appeal number 25-10165 was dismissed for want of prosecution on December 31, 2025 and remains closed. Thus, we can no longer grant meaningful relief as to the order denying a bond waiver. *See Zinni v. ER Sols., Inc.*, 692 F.3d 1162, 1166 (11th Cir. 2012) (providing that an issue is moot when it does not present a live controversy with respect to which a court can give meaningful relief). Furthermore, no exception to the mootness doctrine applies. *See Brooks v. Ga. State Bd. of Elections*, 59 F.3d 1114, 1120-21 (11th Cir. 1995).

Accordingly, U.S. Bank's motion to partially dismiss is GRANTED, and the Razas' appeal from the district court's order denying a bond waiver is DISMISSED as moot.

Furthermore, because we are "obligated to raise concerns about the district court's subject matter jurisdiction *sua sponte*," we note that the allegations in the third amended complaint are insufficient to establish that diversity jurisdiction existed. *Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1304 (11th Cir. 2011). While the third amended complaint adequately alleged that the plaintiffs were citizens of Florida and U.S. Bank was a citizen of Ohio, it failed to sufficiently allege the citizenships of Posh and Velocity. *See* 28 U.S.C. § 1332(a)(1); *Travaglio v. Am.*

4                    Order of the Court                    25-12848

*Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) (providing that the party invoking diversity jurisdiction must allege the citizenships of the parties).

To the extent Posh's citizenship must be considered for the purposes of diversity jurisdiction, the third amended complaint alleged that Posh was a California corporation but did not indicate Posh's principal place of business.   *See* 28 U.S.C. § 1332(c)(1) (providing that a corporation is deemed a citizen of every state in which it has been incorporated and the state where it has its principal place of business); *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (providing that federal courts must disregard nominal parties for the purposes of evaluating diversity jurisdiction); *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Loc. 349*, 427 F.2d 325, 327 (5th Cir. 1970) ("The question of whether or not a named defendant is a nominal party depends on the facts in each case.").   Additionally, the third amended complaint provided Velocity's state of incorporation but did not identify Velocity's members or their citizenships. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (stating that a limited liability company is a citizen of any state of which a member of the company is a citizen and, to sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company).

Moreover, the record evidence does not appear to establish Posh's principal place of business or the identities and citizenships

25-12848                     Order of the Court                     5

of Velocity's members.  *See Travaglio*, 735 F.3d at 1269 (providing that we may look to the record evidence to determine whether the district court had diversity jurisdiction).

Thus, because the parties' citizenships cannot be definitively determined based on the record, we REMAND this appeal to the district court for the limited purpose of determining whether diversity jurisdiction existed.  *See Rolling Greens MHP, L.P.*, 374 F.3d at 1022-23; *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1228 (11th Cir. 2017) ("In the end, when the parties do not do their part, the burden falls on the courts to make sure parties satisfy the requirements of diversity jurisdiction.  We must be vigilant in forcing parties to meet the unfortunate demands of diversity jurisdiction in the 21st century.").

If the district court determines that the parties were completely diverse, then it should enter an order to that effect and return the record, as supplemented, to this Court for further proceedings.  If the district court determines that complete diversity did not exist, then it should vacate its rulings and dismiss the action without prejudice for lack of subject matter jurisdiction.