UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-81091-CIV-SMITH

STARLIGHT DISTRIBUTION, INC., et al.,

    Plaintiffs,

v.

U.S. BANK, N.A., et al.,

    Defendants.



FILED BY_____ coS___ D.C.

JUL 24 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

_____/

## COUNTER-DEFENDANTS', SYED ALI RAZA AND IRAM HUSSAIN RAZA, EMERGENCY VERIFIED MOTION TO STAY WRIT OF ASSISTANCE AND ORDER OF EVICTION

**COMES NOW** Counter-Defendants/Appellants, **Syed Ali Raza ("Syed") and Iram Hussain Raza ("Iram") (collectively "Counter-Defendants")**, *pro se*, and files this their Emergency Verified Motion to Stay Writ of Assistance and Order of Possession ("Writ"), and in support states as follows:

### Basis for Emergency

1.    A writ of assistance and order of eviction was issued by the Clerk of this Court on Friday, October 10, 2025. On the morning of Wednesday, July 8, 2026, the US Marshals posted the Writ on the Counter-Defendants' door. Pursuant to the posted Writ, the Counter-Defendants are required to vacate the premises "by no later than July 24, 2026". **The Counter-Defendants request that the Court consider this Emergency Verified Motion and enter an Order as quickly as possible, as the instant Writ is set**

1

**to be executed at 5:00 pm today, July 24, 2026.** If the Court fails to rule by this time, the Counter-Defendants will be severely prejudiced.

2.     This matter arises from litigation related to 17799 Cadena Drive, Boca Raton, FL 33496 ("Real Property"), which secured an alleged mortgage in favor of U.S. Bank, N.A., as trustee for Velocity Commercial Capital Loan Trust 2022-3 ("US Bank").

3.     On July 23, 2026, the Counter-Defendant, Syed Ali Raza, filed a Chapter 13 bankruptcy in the Bankruptcy Court for the Southern District of Florida, Case No.: 26-19690-BKC-MAM.   A Suggestion of Bankruptcy **[DE 261]** was filed in this Court shortly after the bankruptcy filing.  As a result of the filing of the Chapter 13 bankruptcy, pursuant to 11 USC § 362(a), an automatic stay is in effect.   The stay prevents the execution of the Writ.

4.     On the same day, July 23, 2026, the Counter-Plaintiff, US Bank filed a Notice of Filing **[DE 262]**, attaching a copy of the August 16, 2024, order entered in a Chapter 13 bankruptcy filed by Syed in 2024, Case No.:  24-16162-BKC-EPK ("August 16 Order").  The Bankruptcy Court also provided prospective stay relief related to the Real Property pursuant to 11 USC § 362(d)(4)(B) for a period of two (2) years.

5.     At 6:10 pm on July 23, 2026, the District Court ordered US Bank to "provide evidence that the August 16, 2024 Order Granting Secured Creditor U.S. Bank's Motion for Relief from Automatic Stay has been 'recorded in compliance with applicable State laws governing notices of interests or liens in real property,' pursuant to 11 U.S.C. § 362(d)(4). U.S. Bank shall file such evidence by July 24, 2026".  **See Court's Paperless Order DE 263.**

2

6. As of the filing of the instant Motion, US Bank has yet to provide any evidence of the recordation of the August 16 Order. Moreover, pursuant to 11 USC § 362(d)(4), in order for the stay relief provided by the August 16 Order to be binding as to the Real Property in any subsequent bankruptcy filing, the August 16 Order must have been recorded in the public records of Palm Beach County, Florida. **See *In re Darlington*, 2009 Bankr. LEXIS 3577 (Bankr. N.D. Ga. Sep. 11, 2009), quoting 11 USC § 362(d)(4).**

7. After a careful review of the public records of Palm Beach County, Florida, the undersigned, Syed Ali Raza, has not been able to locate a recorded copy of the August 16 Order, nor has a copy been provided by US Bank. It is evident that the August 16 Order was not recorded as required by 11 USC § 362(d)(4). As such, the stay relief granted by the August 16 Order does not apply to the Real Property in this matter, and the automatic stay provided by the filing of the Chapter 13 bankruptcy, Case No.: 26-19690-BKC-MAM, prevents the execution of the Writ.

8. The Counter-Defendants assert that the Court should stay the July 24, 2026, execution of the Writ of Assistance and Order of Eviction as it has been stayed by the Chapter 13 bankruptcy filing.

**WHEREFORE** the Counter-Defendants/Appellants, **Syed Ali Raza and Iram Hussain Raza**, respectfully request that this Court enter an Order staying the July 24, 2026, execution of the Writ of Assistance and Order of Eviction based upon the automatic stay provided by the instant Chapter 13 filing, plus grant such other and further relief as the Court deems just and proper.

3

After reviewing the facts and researching applicable legal principles, I certify that this motion in fact presents a true emergency (as opposed to a matter that may need only expedited treatment) and requires an immediate ruling because the Court would not be able to provide meaningful relief to a critical, non-routine issue after the expiration of seven days. I understand that an unwarranted certification may lead to sanctions.

## <u>VERIFICATION</u>

Under penalties as provided by law, the undersigned parties certify on this 24th day of July, 2026, that the statements set forth and the facts alleged herein are true and correct to the best of their knowledge and belief.

By:   SYED ALI RAZA

IRAM HUSSAIN RAZA

4

## CERTIFICATE OF SERVICE

I **HEREBY CERTIFY** that a true copy of the foregoing paper will be served upon the filing hereof on all registered parties registered on CM/ECF this 24th day of July 2026, on the 24th day of July 2026, by electronic mail to the **US Marshals, c/o Marisol Chaves**, marisol.chaves@usdoj.gov and by U.S. Mail upon necessary unregistered parties.

SYED ALI RAZA

IRAM HUSSAIN RAZA